**Motions Granted and Abatement Order filed June 21, 2018**



In The

# Fourteenth Court of Appeals

_____

NO. 14-17-00932-CR
_____

**SANDRA JEAN MELGAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1435566**

## ABATEMENT ORDER

Appellant was convicted of murder. The reporter's record contains 26 volumes. Appellant asserts the reporter's record is deficient in several respects. Among the reported deficiencies are: several exhibits are missing, other exhibits are incomplete, and the transcript at times incorrectly attributes questioning to the prosecutor rather than appellant's lawyer.

Texas Rule of Appellate Procedure 34.6(e) establishes the procedure to address inaccuracies in the reporter's record. Subparagraph (e)(3) states:

(3) Correction After Filing in Appellate Court. If the dispute [regarding the alleged inaccuracies] arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must then proceed as under subparagraph (e)(2).

Tex. R. App. P. 35.6(e)(3). Subparagraph (e)(2), in turn, states:

(2) Correction of Inaccuracies by Trial Court. If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must—after notice and hearing—settle the dispute. If the court finds any inaccuracy, it must order the court reporter to reform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.

Tex. R. App. P. 34.6(e)(2).

Appellant filed a motion under Rule 34.6(d) and (e)(3) asking us to direct the trial court to conduct a hearing to resolve inaccuracies in the record and require supplementation of the record. The motion has been on file for more than 10 days, and no response has been filed. Appellant has also filed a motion to extend time to file her brief pending resolution of the issues regarding the reporter's record.

We **GRANT** both motions and order as follows:

1. The trial court shall conduct a hearing to determine whether the reporter's record, both text and exhibits, accurately discloses what occurred in the trial court.

2. If the trial court finds any inaccuracy, it shall order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court and to file certified corrections in this court.

3. The trial court shall reduce its findings to writing and have a supplemental clerk's containing those findings and any orders made filed with this court. The supplemental clerk's record is due by **August 20, 2018**.

4. The appeal will be reinstated after the supplemental clerk's record is filed.

2

5.  If the trial court orders the court reporter to conform the reporter's record:

    a.  the reporter's record will be due **30 days** after the appeal is reinstated; and

    b.  appellant's brief will be due **30 days** after the record is filed.

6.  If the trial court does not order the court reporter to conform the reporter's record, appellant's brief will be due **30 days** after the appeal is reinstated.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM